IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| Shannon Edwards, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION FILE |
| | ) | |
| v. | ) | NO. |
| | ) | |
| Drug Service Care, Inc., | ) | |
| Marvin Lieber, Naava Lieber, | ) | |
| | ) | JURY TRIAL DEMANDED |
| Defendants. | ) | |

## COMPLAINT

COMES NOW Plaintiff Shannon Edwards (hereinafter sometimes "Plaintiff"), and files this lawsuit against Defendants Drug Service Care, Inc., (dba Tuxedo Pharmacy, hereinafter sometimes "DSC"), Marvin Lieber, and Naava Lieber and shows the following:

### I. Nature of Complaint

1.

Plaintiff brings this action to obtain full and complete relief and to redress the unlawful employment practices described herein.

2.

This action seeks declaratory and injunctive relief, liquidated and actual

damages for Defendants' failure to pay federally mandated overtime wages to Plaintiff in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201 *et seq*. (hereinafter "FLSA") during Edwards's employment with Defendants.

## II.  Jurisdiction and Venue

3.

The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1337, 1367 and 29 U.S.C. § 216(b).

4.

Defendant DSC is a company doing business in the State of Georgia, and the unlawful employment practices described herein occurred at its location at 164 West Wieuca Rd, Suite 7, Atlanta, GA, 30342.

Defendant Marvin Lieber is a resident of this judicial district. Accordingly, venue in this Court is proper pursuant to 28 U.S.C § 1391(b)(2).

Defendant Naava Lieber is a resident of this judicial district. Accordingly, venue in this Court is proper pursuant to 28 U.S.C § 1391(b)(2).

## III.  Parties and Facts

5.

Plaintiff is a resident of the State of Georgia and began working for DSC in 2008.  At the Wieuca location DSC operates Tuxedo Pharmacy at which Plaintiff worked.  Edwards was an "employee" (as defined under FLSA §3(e), 29 U.S.C. §203(e)) for Defendants.  Plaintiff performed non-exempt labor for the Defendants.

6.

Edwards was not paid the overtime wage differential required by FLSA §7, 29 U.S.C. §207 during her employment when she worked over forty (40) hours in a workweek.  Such unpaid overtime is documented on many of Plaintiff's pay slips, and by a independent United States Department of Labor (DOL) investigation.

7.

The DOL investigation of defendants determined that they had not complied with the FLSA in paying overtime to Ms. Edwards.  As a result defendants sent Plaintiff a DOL form WH-58 along with check in the amount of $1,767.06, the amount that the DOL had calculated as the amount of unpaid

overtime wages to Plaintiff. This was for the period beginning with the workweek ending August 31, 2008 through the workweek ending May 23, 2010.

8.

Ms. Edwards did not sign the form or cash the check from defendants. Instead, Plaintiff through her counsel sent a demand letter to defendants requesting unpaid overtime wages (for the period prior to August 31, 2008), liquidated damages, and attorney's fees. The total amount demanded was $3607.06.

Defendants, through their counsel, declined to pay any amount, and this lawsuit ensues.

9.

Defendant DSC, is an "employer" within the definition of FLSA §3(d), 29 U.S.C. §203(e) and governed by and subject to FLSA §7, 29 U.S.C. §204 and §207.

Defendant Marvin Lieber is the CEO of DSC, a corporation that paid Edwards checks while she was employed at Tuxedo Pharmacy.

Defendant Naava Lieber is the CFO of DSC. The Liebers as the CEO and CFO of DSC, controlled its day to day operations and were aware that Plaintiff

was working overtime, and therefore are employers for purposes of FLSA liability.

## Count I - Violation of the overtime wage requirement of the Fair Labor Standards Act.

10.

Plaintiff realleges and incorporates herein all preceding paragraphs of this Complaint.

11.

Defendants have violated FLSA §7, 29 U.S.C. §207, by failing to pay overtime wages for time that Plaintiff worked in excess of forty (40) hours in a workweek during her employment with defendants.

12.

Pursuant to FLSA §16, 29 U.S.C. §216, Plaintiff brings this lawsuit to recover her unpaid wages, overtime wage differential, liquidated damages in an equal amount, attorney's fees, and the costs of this litigation.

13.

Throughout Ms. Edward's employment defendants knowingly, intentionally and willfully violated the FLSA by failing to pay Plaintiff the overtime

compensation to which she was entitled.

14.

Throughout the relevant time period defendants "knew or showed reckless disregard" that their conduct violated overtime laws under the FLSA.

15.

Throughout the relevant time period defendants failed to act in good faith and had no reasonable grounds for believing they were not violating the FLSA.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests that this Court:

a. Require defendants to pay Plaintiff damages for unpaid overtime compensation calculated at one and one-half times the proper normal rate that Plaintiff would have received but for unlawful conduct going back three years from the filing of this lawsuit;

b. Require defendants to pay Plaintiff liquidated damages as provided for under the FLSA;

c. Issue a declaratory judgment that defendants have engaged in unlawful employment practices in violation of the FLSA with respect to Plaintiff;

d. Award Plaintiff her reasonable attorney's fees and costs and expenses of suit arising from defendants' violations under the FLSA;

e. Provide such other and further relief as the Court may deem just and proper.

Respectfully submitted this 26th day of July, 2011.

                                          s/Jack Rosenberg
                                          Jack Rosenberg
                                          Georgia Bar No. 614475
                                          Suite 53
                                          5425 Glenridge Drive
                                          Atlanta, Georgia 30342
                                          Telephone: (404) 343-1091
                                          Facsimile: (404) 343-1497
                                          jackrosenberg2@gmail.com